RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 5-29-08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH BRADLEY COLEMAN | CIVIL ACTION NO. 08-0064 |
| VS. | SECTION P |
| LaSALLE CORRECTIONAL CENTER | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on January 14, 2008 by *pro se* plaintiff Joseph Bradley Coleman. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the LaSalle Correctional Center (LCC), Olla, Louisiana and he complains of conditions of confinement. He named the facility as his sole defendant and asks for an unspecified amount of compensatory damages and his transfer to another institution. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted.

### *Statement of Claim*

In the original complaint plaintiff provided a litany of allegations concerning the conditions of confinement at LCC:

1. The drinking water is contaminated;

2. Eggs, milk, and juice are sold to the inmates and not otherwise provided in their daily diet;

3. Plaintiff has been provided only one jumpsuit;

4. Plaintiff's blue boxers were confiscated upon his arrival and he has not been provided a replacement;

5. The deputies are "... very hostile and disrespectful to inmates...";

6. The kitchen is unsanitary and the eating utensils are not properly washed;

7. The dorms house 105 inmates which is a fire hazard;

8. There is no medical staff and guards pass out the medication;

9. The air conditioning is "always on a freezing" temperature especially in the winter time; and,

10. Socks, underwear, and T shirts are sold and not provided free of charge.

Plaintiff was directed to amend his pleadings to provide additional and more specific facts. [doc. 6] On April 24, 2008 he amended his complaint [doc. 7] and alleged:

1. Because of the contaminated water and because he was supplied only one jumpsuit, he was "exposed to staff [sic] infections and was treated for it..." He also claimed that he developed a "sick stomach" for three weeks because of the water.

2. He claimed that the unsanitary kitchen exposed him and his fellow inmates to "many health problems."

3. He alleged that the State of Louisiana requires that all inmates be afforded a balanced diet which should include fruit, eggs, milk, and juice. He claimed that the failure to provide him such things resulted in a vitamin deficiency which, coupled with the cold temperatures, caused him to "stay sick."

4. He complained that the administration confiscated blue and red clothing but continued to sell blue clothing in the commissary.

### *Law and Analysis*

#### *1. Frivolity Review*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a

claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff filed an original complaint which was short on specifics; he was then directed to amend his complaint to provide more than mere conclusory allegations. He submitted an amended complaint which provided some additional information.

### 2. *General Conditions of Confinement*

Plaintiff, in both his original and amended complaints, alleged that he and his fellow inmates were exposed to unconstitutional conditions of confinement. Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. Thus, while the Eighth Amendment does not prohibit punishment it does prohibit the unnecessary and wanton infliction of pain. See Rhodes v. Chapman,

452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Of course, the Eighth Amendment does not mandate comfortable prisons; nevertheless, it does not permit inhumane ones. <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir.1999). Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. <u>Harper</u>, 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." <u>Woods v. Edwards</u>, 51 F.3d 577, 581 (5th Cir.1995); <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. <u>Woods</u>, 51 F.3d at 581. "The second requirement follows from the principle that only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." <u>Farmer</u>, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of

the penalty that criminal offenders pay for their offenses against society. *Id*. However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id*." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

None of the individual complaints alleged in the original and amended complaints arise to the level of Eighth Amendment violations. Plaintiff has not been denied any of life's necessities during his confinement at LCC – he has been provided adequate shelter, clothing, hygiene, and food.

As shown above, federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In his original complaint plaintiff alleged no physical injury as a result of the complained of conditions of confinement. He was given the opportunity to amend and he was specifically instructed to describe any physical injury sustained as a result of the conditions at LCC. In response he maintained only that he was "exposed to staff [sic] infections..." and suffered "a sick stomach for 3 weeks because of the drinking water." With regard to the kitchen conditions, he alleged only

that he was "... expose[d] ... to many health problems." Finally, with regard to the allegedly unbalanced meals, he alleged only that it is "... harmful to my body not to receive this..." and as a result, he "stay[s] sick."

All of these complaints are conclusory in nature and unsubstantiated by any facts. Plaintiff's main complaint is his "exposure" to disease. As such, he fails to state a claim for which relief may be granted.

In any event, accepting each of plaintiff's complaints as true, he has clearly alleged no more than *de minimis* injury[1] and

---

[1] In Luong v. Hatt, 979 F.Supp. 481 (ND Tex. 1997), the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims. The court reasoned that the determination of whether or not an injury exceeds the *de minimis* threshold should be determined based upon how "...people in a free world setting in exercising their day-to-day medical care would treat such injuries." Luong, 979 F. Supp. at 486. The court reasoned, "Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?

A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about [sic] *de minimis*, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." *Id*.

Plaintiff was directed to provide a detailed description of his injuries. In response he alleged only that he has been "exposed" to infection and disease – a situation that occurs to all folks in the free world. He claimed that experienced a staph infection and a "sick stomach" for three weeks, but he provided none of the detail requested in the order to amend. In any event, these conditions are most certainly treatable in the home with common over-

that fact is sufficient to warrant dismissal of his conditions of confinement claims since in order to recover damages for exposure to dangerous conditions, a prisoner must show that he suffered an actual physical injury. See 42 U.S.C. § 1997e(e); Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir.2003, *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004). Plaintiff, at worst, has been inconvenienced and not injured or otherwise harmed by the conditions complained of; these conditions cannot rationally be equated to cruel and unusual punishment since the deprivation was not so extreme as to "... rise to a level that results in physical torture..." Bradley v. Puckett, 157 F.3d at 1025. Plaintiff's Eighth Amendment conditions of confinement claims are frivolous.

Further, his claims concerning the requirement that prisoners pay for extra food is likewise unavailing. Policies such as "co-pay" policies or "fee-for-service" programs which require inmates to bear part of the cost of their confinement are constitutionally permissible so long as the basic needs of indigent offenders are met. Compare Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir.1997) (co-pay medical policy); Shapley v. Nevada Bd. of State Prison Comm's, 766 F.2d 404 (9th Cir.1985) (co-pay medical policy); Cameron v. Sarraf, 2000 WL 33677584, at *3-5 (E

---

the-counter medications. In short, the impact of the conditions of confinement on plaintiff's physical condition were not so serious as to exceed the *de minimis* threshold described above.

.D.Va. March 17, 2000) (No. CIV.A.98-1227-AM.) (co-pay medical policy); Reynolds v. Wagner, 936 F.Supp. 1216, 1225-1227 (E.D.Pa.1996) (fee-for-service-program); Johnson v. Dept. of Public Safety and Correctional Services, 885 F.Supp. 817 (D.Md.1995) (co-pay medical policy). In other words, nothing in the United States Constitution guarantees inmates the right to be entirely free from all of the costs associated with their confinement and rehabilitation. Reynolds, 128 F.3d, at 175. It is only when necessary medical care or dietary needs are absolutely denied to impecunious inmates that the Eighth Amendment is implicated. See, e.g., Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir.1992); Johnson, 885 F.Supp. at 820. Plaintiff can point to no Constitutional provision which prohibits prisons from charging prisoners for extra food.

### 3. *The Defendant*

Finally, as noted in the original amend order, plaintiff has named only the LCC as a defendant. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether LCC is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or

partnership." La. Civ.Code Ann. art. 24. According to the Louisiana Secretary of State's Commercial Division Database, LaSalle Correctional Center, L.L.C. is a corporate entity which is apparently capable of being sued. That fact, however, does not end our inquiry.

In Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir.2003), the Fifth Circuit extended municipal corporate liability under §1983 to include private prison-management corporations and their employees. The court said: "We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury." Id. The court concluded that, "[c]learly, confinement of wrongdoers-though sometimes delegated to private entities-is a fundamentally governmental function." Id. The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability. See Phillips v. Corrections Corp. of America, No. 02-766, 2006 WL 1308142 at *3 (W.D.La. May 10, 2006); see also Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978).

Thus, municipalities, other local government units, and private prison corporations may be held liable under § 1983. These governmental entities, however, like supervisory officials,

"are not liable on a *respondeat superior* basis; that is, these corporations cannot be held liable simply by virtue of the fact that one of its employees violated a person's federal rights." Monell, 436 U.S. at 691, 98 S.Ct at 2036. For liability to attach, "the municipality itself must cause the violation through its policies." Milam v. City of San Antonio, 113 Fed.Appx. 622, 625 (5th Cir.2004); see also Monell, 436 U.S. at 694, 98 S.Ct at 2037 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").

Furthermore, isolated unconstitutional actions by corporate employees will almost never trigger corporate liability; a corporation may be held liable under § 1983 only if there is a showing of official sanction or *imprimatur* on the conduct or practice at issue. Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 602 n. 3 (5th Cir.1988). Such a showing requires proof of three attribution elements. Specifically, a corporation performing a governmental function is liable under §1983 if (1) there is a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury; (2) the corporation has an official custom or policy which could subject it to § 1983

liability; and (3) the claimant can demonstrate that the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights. See Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.2001); Victoria v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004)(citing Monell, 436 U.S. at 694, 98 S.Ct. at 2037); see also Mitchell v. CCA of Tennessee, Inc., 2007 WL 837293 (W.D.La. 3/15/2007 at *5-6.

Plaintiff maintains that LCC is a proper party to this litigation, and, in fact, has named LCC as his sole and only defendant. Nevertheless, he has not alleged facts sufficient to visit §1983 liability on that entity.

### 4. Conclusion

Plaintiff filed a general complaint concerning conditions of confinement; the complaint was determined to be deficient in that no specifics were alleged. Plaintiff was afforded the opportunity to amend his complaint to provide more specific details concerning the alleged violations of his constitutional rights. He amended the complaint and that amended complaint has been reviewed. For the reasons stated above,

**IT IS RECOMMENDED** that petitioner's complaint and his amended complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and

(ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana, May 29, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE